IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE: WILLIAM LAVAN,

                        MISC-S-11-0019 GEB GGH

                        <u>ORDER</u>

_____/

        Lavan, through his British counsel, filed a petition on February 22, 2011, to issue an order enforcing a subpoena[1] issued by the Kingston Crown Court in England.  The subpoena is directed at Facebook and requests records of incoming and outgoing messages and data records in regard to Lavan's Facebook account for the period from January, 2010 to April 2010, in accordance with an order issued by the court in England.[2]  On February 24, 2011, this court issued an order to show cause why this court should issue the requested order in light of <u>Intel v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241,124 S.Ct. 2466 (2004), and <u>In Re Premises Located at 840 140th Avenue NE, Bellevue, Wash.</u>, ___ F.3d ___, 2011 WL 293821 (9th Cir. 2011).  The undersigned also required a show of cause why counsel should be heard in this case despite E.D.

---

[1] The court in England uses the term "summons."

[2] Facebook was served with the original order issued by the British court but was not served with notice of the instant action.

Local Rule 180 which requires that counsel appearing before this court either be admitted to the Bar of this court, proceed with local counsel who is admitted to the Bar of this court, or be approved to appear in Pro Hac Vice.

Lavan has now filed a response to the order to show cause, explaining that Lavan's case is funded through the Legal Services Commission in England, and funding for local counsel was refused. Lavan's counsel did not respond to the court's direction to address the aforementioned cases.

Federal courts have limited authority to respond to requests for assistance in the production of evidence for use in a foreign tribunal.

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person .... The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing ... [or may be] the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. §1782(a).

In regard to requests for information from the United Kingdom, there exists a Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal assistance in Criminal Matters ("MLAT"). When a request for information relevant to a criminal investigation or prosecution is made by the United Kingdom, the MLAT authorizes the United States courts to respond to the request. MLAT, art. 5, ¶ 1. The MLAT's purpose is to provide mutual legal assistance between the countries in order to counter criminal activities. United Kingdom v.

United States, 238 F.3d 1312, 1316 (11th Cir. 2001). The MLAT provides for assistance in obtaining documents such as those subpoenaed here. The MLAT contains certain restrictions, however.

> A key feature of the MLAT is the requirement that a request for assistance be made, not directly to the courts, but rather between the "Central Authorities," which the treaty defines as the Secretary of State of the Home Department (for the United Kingdom), and the Attorney General (for the United States), or their designees. MLAT, art. 2, ¶ 2. There is no provision for private parties, such as individual criminal defendants in the English (or American) courts, to request the production of information. See MLAT, art. 1, ¶ 3 ("The provisions of this Treaty shall not give rise to a right on the part of any private person to obtain, suppress, or exclude any evidence....").

Id. at 1317.

Clearly, there is no authority under this country's MLAT with Britain in which to approve of the subpoena requested herein. The request was not made through the Attorney General, and there is no provision for Mr. Lavan, a criminal defendant in the British courts, to request documents from Facebook.

The next question is whether there are any other mechanisms available for Mr. Lavan to obtain these documents from the U.S. courts. The Ninth Circuit has discussed whether a self-executing treaty such as an MLAT, supersedes an earlier federal statute, 28 U.S.C. § 1782. In re Premises Located at 840 140th Ave. NE, Bellevue, Wash. v. Global Fishing, Inc., ___ F.3d ___, 2011 WL 293821, *7 (9th Cir. Jan. 19, 2011). There, the court engaged in a complex analysis to conclude that a Russian MLAT "utilize[d] §1782 as a procedure for executing requests, but not as a means for deciding whether or not to grant or deny a request so made." Id. at *9.

Without any argument from Mr. Lavan, especially after an order to show cause which enlightened him to the pertinent cases, the undersigned will not engage in lengthy analysis. Suffice to state that the MLAT applicable here constitutes a later-enacted specific treaty which controls over §1782, an earlier general statute. As the court stated in Global Fishing, Inc., 2011

WL 293821 *3, "MLATs represent a direct approach to achieving reciprocity with other nations, in addition to the indirect approach taken by congressional expansion of the scope of § 1782."

> A ratified self-executing treaty generally stands on the same footing as a federal statute, that is, a later-in-time self-executing treaty has the same effect on an existing federal statute as a later-in-time act of Congress. See Medellin v. Texas, 552 U.S. 491, 509 n. 5 & 518, 128 S.Ct. 1346, 170 L.Ed.2d 190 (2008) (holding that a later-in-time self-executing treaty supersedes a federal statute and that a later-in-time federal statute supersedes a treaty).

Id. at *6.

The MLAT with the United Kingdom specifically excluded criminal defendants from the ability to request production of information. The undersigned views the MLAT as superseding the general provisions of § 1782. It would make no sense to enact an MLAT if a simple request under § 1782 would suffice in any event.

Despite these pronouncements, the undersigned will refer the matter to the Federal Defender in case it may render any assistance to Mr. Lavan on this issue.

Accordingly, IT IS ORDERED that:

1. Lavan's petition for an order enforcing subpoena, filed February 22, 2011, (dkt. #1), is denied.

2. This case is referred to the Federal Defender for whatever assistance it deems appropriate.

3. The Clerk of the Court is directed to serve this order on the Federal Defender.

DATED: 03/23/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Lavan0019.ord.wpd